```
         IN THE DISTRICT COURT OF WESTERN DISTRICT OF ARKANSAS
                              CIVIL DIVISION

CHARLES MCCALLISTER                                          PLAINTIFF

VS                             CV-06-6037

MARTEN TRANSPORT, LTD.
ALTON SPIGHT                                                 DEFENDANT
```

                BRIEF IN SUPPORT OF DEFENDANT'S RESPONSE
                   TO MOTION FOR SUMMARY JUDGMENT

In Johnson v. Union Pac. R.R., 352 Ark. 534, 104 S.W.3d 745 (2003), this court discussed Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322 (1979), a case out of the United States Supreme Court which addressed the offensive use of collateral estoppel:

> In Parklane Hosiery, the Court defined offensive collateral estoppel as occurring `when the plaintiff seeks to foreclose the defendant from litigating an issue the defendant has previously litigated unsuccessfully in an action with another party.' The Court concluded that trial courts should be given broad discretion in determining when offensive collateral estoppel applies. This conclusion was based on the Court's determinations that the offensive use of collateral estoppel does not promote judicial economy in the same way that defensive estoppel does, and that its use may be unfair to a defendant. By way of illustration only, the Court observed that the offensive use of collateral estoppel may be unfair (1) where the defendant in the first action is sued for small or nominal damages and thus may not have had great incentive to defend vigorously; (2) where the judgment relied upon as a basis for estoppel is itself inconsistent with one or more previous judgments in favor of the defendant; and (3) where the second action affords the defendant procedural opportunities unavailable in the first action that could cause a different result. The Court then held:
>
>> We have concluded that the preferable approach for dealing with these problems in the federal courts is not to preclude the use of offensive collateral estoppel, but to

>  grant trial courts broad discretion to
>  determine when it should be applied. The
>  general rule should be that in cases where a
>  plaintiff could easily have joined in the
>  earlier action or where, either for the
>  reasons discussed above or for other reasons,
>  the application of offensive estoppel would
>  be unfair to a defendant, a trial judge
>  should not allow the use of offensive
>  collateral estoppel.

352 Ark. at 545-46, 104 S.W.3d at 751 (internal citations omitted).

In this case, do to the nature of the court system and Defendant s claims it would be unfair not to allow Defendant to present his defense.

Wherefore, Defendant prays that the Motion for Partial Summary Judgment be denied.

Respectfully submitted,

Alton Spight


/s/ Gregory Crain
Gregory Crain (99049)
Attorney at Law
309 West Third Street
Malvern, AR 72104
Phone #: 501-332-4300
Fax #: 501-332-4332


CERTIFICATE OF SERVICE

I, Gregory Crain, do hereby certify that I have served a copy of the foregoing Motion for Continuance on the Plaintiff by hand delivering, faxing, or mailing a copy, postage prepaid, to Darryl E. Baker, Eubanks, Baker & Schulze, 620 West Third Street, Suite 100, Little Rock, AR 72201, on this 6th day of September, 2008.

/s/ Gregory Crain
Gregory Crain