```
            UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                 HOT SPRINGS DIVISION
```

CHARLES R. MCCALLISTER                              PLAINTIFF

     v.         CASE NO. 06-6037

ALTON D. SPIGHT                                     DEFENDANT

### **O R D E R**

Now on this 12th day of September 2008, comes on for consideration Plaintiff's Motion for Partial Summary Judgment (Docs. 21-23) and Defendant's Response (Docs. 27, 29-30). Also before the Court is Defendant's Motion for Continuance (Doc. 28) and Plaintiff's Response (Doc. 31).

In his motion, Plaintiff requests the Court to grant summary judgment on the issue of Defendant's liability in this case. Plaintiff contends that Defendant's conviction for first degree battery in the shooting of Plaintiff precludes Defendant from contesting his liability in this case. Defendant maintains that the Court should not permit Plaintiff's use of offensive collateral estoppel in this case as it would be unfair to Defendant.

In *Zinger v. Terrell*, 985 S.W.2d 737 (Ark. 1999), the Arkansas Supreme Court overruled *Smith v. Dean*, 290 S.W.2d 439 (Ark. 1956), with regard to its holding that a prior criminal conviction for murder does not preclude relitigating the same issue of culpability against the same defendant in a later civil proceeding. *Zinger* at

741. However, the Court did not address the issue of collateral estoppel for criminal convictions other than murder, therefore, it did not overrule *Washington Nat'l Ins. Co. v. Clement*, 91 S.W.2d 265 (1936) which held that a judgment or sentence in a criminal prosecution was neither a bar to a subsequent civil proceeding founded on the same facts, nor was it proof of anything in such civil proceeding, except the mere fact of its rendition. *Id.* at 266. In *Clement*, the conviction at issue was for driving while intoxicated. Based upon the existing Arkansas law, the Court does not believe the use of collateral estoppel is appropriate in this case. Accordingly, Plaintiff's Motion for Partial Summary Judgment (Doc. 21) is DENIED.

Defendant requests the Court to continue the trial of this matter until Defendant is released on parole in April 2009 and also contends he is without proper Court attire (Doc. 28). Plaintiff objects (Doc. 31). This matter has been pending for over two years and has been continued twice on Defendant's Motion. The Court finds that Defendant's Motion should be DENIED and this matter will proceed to trial on Monday, September 22, 2008.

Accordingly, the United States District Court Clerk's Office is hereby directed to issue a writ of habeas corpus *ad testificandum* for Alton D. Spight, incarcerated in the East Arkansas Regional Unit, P.O. Box 180, Brickeys, Arkansas 72320, requiring the production of his body for testamentary purposes before this Court on **September 22, 2008 at 9:00 a.m.** *See* 28 U.S.C.

§ 2241(c)(5).

IT IS SO ORDERED this 12th day of September 2008.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge